IRVIN C BOTT v. TOWN OF UMATILLA, W. L. ASHTON, as Mayor, HENRY F. SELF, as Town Clerk, and J. R. SPARLING, J. C. POWERS, CHARLES Z. OSBORNE, W. F. BROYLES, and W. J. WESTERVELT, as Town Councilmen.

185 So. 348.

Opinion Filed December 19, 1938.

*Frank. W. Stebbins,* for Appellant;

*C. Harold Hippler,* for Appellees.

TERRELL, C. J.—In November, 1938, the Town of Umatilla, in Lake County, approved an ordinance for the issuance of $16,000.00 in revenue certificates to construct improvements and extensions to its waterworks system, said revenue certificates to be payable solely from the revenue derived from services furnished by said waterworks system and to be issued without an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution.

The ordinance was predicated on a finding of fact that the Town of Umatilla was the owner and operator of its waterworks system which had for years paid a net income over operating expenses, that the extensions and improvements proposed are essential and necessary, that the present waterworks system is inadequate for the present needs of th Town, that the Town is authorized to issue said certificates and that the income from said waterworks system is sufficient to pay said revenue certificates as they mature in addition to operating and other expenses.

The appellant, a citizen and taxpayer of the Town, as complainant filed his bill of complaint in the Circuit Court praying that the issuance of said revenue certificates be enjoined on the ground that they were in effect bonds and could be issued only by an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

The grounds urged for reversal of the decree below are the same as those urged in the Circuit Court to restrain the issuance of the Certificates. This question was considered and definitely answered contrary to the contention of ap-

pellant in McGoon v. Town of Miami Springs, and cases therein cited, decided December 16, 1938.

The power of the Town of Umatilla to issue the revenue certificates is not questioned but is ample for that purpose, and they are clearly not bonds requiring an approving vote of the taxpayers as. contemplated by Section 6 of Article IX of the Constitution. They are paid solely from revenues derived from the waterworks system and the Town is not bound as a taxing unit for any part of the obligation incurred by them.

The decree below is therefore affirmed on authority of the last cited case and cases therein cited.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.